## MRS. CLAGUE et al. *v.* THE CITY OF NEW ORLEANS.

In order to entitle the city corporation to exemption from liability for the loss of a slave who was placed in jail for safe keeping, and ranaway while employed at work, it is necessary timely notice should have been given by the city to the owner of the slave.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

G. *Legardeur*, for plaintiffs and appellants. J. J. *Michel*, for defendants.

BUCHANAN, J. The petition charges that plaintiff's slave was put into the police jail of New Orleans, by their agent, *for safe keeping*, in the summer of 1855 ; that in October, 1856, plaintiffs demanded delivery of their slave, and was answered by the jailor, that the slave had runaway from the custody of the driver, while out at work in the chain-gang, in the month of August preceding, and had not been heard of since.

Plaintiffs claim of the city the value of the slave, on the ground that he had been put out to work in the chain-gang without their knowledge, participation or consent ; and that he was lost to them in consequence of the illegal act of the agents of the city in so employing the slave, and their negligence in suffering the slave to abscond while so employed ; and their *laches* in not giving timely notice of his absconding to the agent of plaintiffs.

An exception filed by defendants, that the petition contains no cause of action, was sustained by the District Court, and the suit dismissed. From this decision plaintiffs appealed.

In the case of *Chase* v. *The Mayor et al.*, 9 La. 346, it was held that the city was not liable for the value of a slave who ranaway from the chain-gang, timely notice of such escape having been given by the city to the owner of the slave.

In *Fassman* v. *The City*, decided very lately, we held that the city was not liable for the escape of a slave who had been bought by the plaintiff as a runaway, no notice of his habits having been given to the city officers, and the proof of delivery being doubtful.

The allegations of the petition in the case at bar, seem intended to meet the case in 9th Louisiana Reports. It appears, therefore, to state a cause of action under the authority of that decision.

Judgment reversed, exception overruled, and cause remanded for further proceeding according to law ; defendant and appellee to pay costs of appeal.